REGENT GRAIN COMPANY, a Corporation, Appellant, v. WM. I. SADLER, Nellie B. Sadler, E. B. Bergum, Anna Bergum, Sadler Coal Mining Company, a Corporation, and The Equity Coal & Light Company, a Corporation, Respondents.

(194 N. W. 660.)

**Corporations — mechanic's lien — evidence held to sustain finding that plaintiff in mechanic's lien action not entitled to personal judgment; finding that corporation had not assumed its grantor's debt sustained.**

In an action to foreclose a mechanic's lien where the trial court found no valid lien to exist by reason of alterations made in the date of making an owner's consent, to a lien, it is *held*, for reasons stated in the opinion, that the findings of the trial court are supported by the evidence and that plaintiff is not entitled to a personal judgment against the contesting defendant for the amount of the debt involved.

Opinion filed June 20, 1923.

Corporations, 14 C. J. § 2982 p. 858 n. 97; Mechanics' Liens, 27 Cyc. p. 416 n. 71.

In District Court, Hettinger County, *Lembke, J.*

Action to foreclose a mechanic's lien.

Plaintiff has appealed from the judgment and an order denying a motion for a new trial.

Affirmed.

*Jacobsen & Murray,* for appellant.

*P. B. Garberg* and *W. F. Bruell,* for respondents.

BRONSON, Ch. J.   This is an action to foreclose a mechanic's lien. Plaintiff has appealed from a judgment adjudging the mechanic's lien invalid. The facts are: One Bergum was the owner of a quarter-section of land in Hettinger county underlaid with coal. On June 3d, 1916, Bergum made a contract for the sale of this land with one Sadler. Sadler negotiated with plaintiff for the procuring of lumber to build certain buildings upon the land. Between June 3d, 1916, and February 12th, 1917, plaintiff furnished lumber and material to construct a dwelling house and several other small buildings upon this land. The amount of the materials so furnished, $801.93, was charged to Sadler. On Feb-

ruary 26th, 1917, there was filed in the clerk's office a mechanic's lien upon the land and buildings for this material; also, an owner's consent which contained an acknowledgment by Sadler that he made a contract on February 16th, 1916, with plaintiff and consented that a lien might be filed as security for the materials furnished. This was dated February 16th, 1916, and purported to show that Sadler acknowledged receipt thereof February 16th, 1916, at Regent, North Dakota. This consent bears evidence of alteration in that the figure "6" for the year 1916, as it appears in three different places, has been written over an apparent erasure of the figure "7." On April 21st, 1917, Sadler gave to one Childs an option for one year from April 18th, 1917, to purchase this land. The Sadler Coal Mining Company was incorporated. Sadler and Childs were officers and directors thereof. It received, on May 14th, 1917, an assignment of Childs' option, on August 28th, 1917, a conveyance of Sadler's interest, and on October 14th, 1918, a deed from Bergum. On April 14th, 1919, this Sadler Coal Mining Company conveyed by warranty deed the land to the defendant Equity Coal and Light Company, another subsequently formed corporation. This action was instituted in September, 1921, against Sadler and his wife, the Sadler Coal Mining Company, and the Equity Coal and Light Company. The Equity Coal and Light Company alone answered, denying the validity of the lien. After trial to the court, findings of fact were made to the effect that plaintiff furnished these materials to Sadler to erect certain buildings upon the land; that on February 16th, 1917, plaintiff procured the consent of Sadler to the filing of a mechanic's lien which was subsequent to the furnishing of all materials for the buildings; that the year 1917 in the owner's consent had been changed to 1916, and that the true date of making such consent was February 16th, 1917; that, further, from an abstract of title which describes a notice of intention to file a lien, the date of such owner's consent was February 16th, 1917. The trial court concluded that plaintiff had failed to comply with the statutory provisions and possessed, therefore, no valid lien. Judgment was entered accordingly. Subsequently, plaintiff made a motion for a new trial upon grounds of newly discovered evidence and surprise concerning the fact of this change in the date. This motion was denied.

Sadler testified to the effect that upon the sale of this land to the

Sadler Coal Mining Company the latter assumed and agreed to pay this mechanic's lien; that an abstract was furnished and that the lien was shown on this abstract and the attention of its officers called thereto; that one Childs, the general manager and an officer of this mining company, agreed to pay off the lien. Some officers of the plaintiff likewise testified to the effect that Childs and another officer of this Sadler Coal Mining Company had agreed to pay this lien. Mr. Childs testified to the effect that he was an officer of the Sadler Coal Mining Company and is now the general manager of the defendant Equity Coal and Light Company. He denied any agreement to ever assume or pay this lien in behalf of the Sadler Coal Mining Company. He admitted that an abstract of title was furnished concerning the title to the land. This abstract was produced and certain items thereof introduced into evidence. One of these items disclosed a notice of intention to file a mechanic's lien against Sadler in favor of plaintiff, dated February 16th, 1917.

The plaintiff contends that the trial court erred in finding that the written consent filed by Sadler had been changed and in determining that no lien existed; further, that it was error to receive in evidence portions of the abstract and that, in any event, plaintiff was entitled to a personal judgment against defendant Equity Coal and Light Company by reason of its having assumed Sadler's debt. We are of the opinion that the objection made concerning the abstract is without merit. In view of the testimony of Sadler concerning the abstract furnished, it was made admissible as a part of the res gestæ. Furthermore, as this action was tried to the court, the evidence which the abstract disclosed could have been otherwise secured if specific objection had been made. The clerk of the district court was a witness in this case. We are further of the opinion that the evidence is insufficient to warrant this court in finding that this defendant, the Equity Coal and Light Company, assumed or agreed to pay Sadler's debt. The other defendants have not appeared and are in default. The findings and order of the trial court are sustained by the evidence. The judgment is affirmed with costs to respondent.

CHRISTIANSON, BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.